John M. Keane, S.
The will of Ora B. Buckingham bequeathed $50,000 in trust for the benefit of Beatrice Williams *20 as income beneficiary and made the' bequest a preferred one over all the others in her will. After making minor specific bequests, she made general bequests totaling $45,350 to a number of legatees.
Unfortunately, the funds of the decedent, after payment of the preferred bequest, were insufficient to pay the other general legacies in full, and they must necessarily abate proportionately. The preferred bequest of $50,000 was paid to the trustees seven months and nine days after the issuance of letters testamentary. From the date of death to the date of transfer of the preferred bequest to the trustees, the estate had received income of $2,192.40.
Is Beatrice Williams, the beneficiary of the trust created by the preferred legacy, entitled to the income earned during the period of administration up to the date of the payment of the legacy to the trustees at the average rate of return or is the income earned during that period payable to the general legatees to minimize the amount of the abatement of their bequests?
If there had been sufficient assets to satisfy all general bequests, the proportionate part of the income earned during administration on the $50,000 preferred bequest in trust would be payable to the income beneficiary, Beatrice Williams, and the balance of the income would be payable to the residuary legatees. (Personal Property Law, § 17-b.)
The first function of the court is to carry out the intention of the testatrix insofar as that is possible. It is clear that Beatrice Williams was the preferred beneficiary and would have received the proportionate share of income earned on the fixed am mint bequest in trust had there been sufficient assets. Does she lose that preferred position as to income because the other general legacies must abate?
The court finds that the intention of the testatrix would be carried out by directing that the income earned on the $50,000 bequest at the average rate of return up to the time of its payment to the trustees should be paid to Beatrice Williams. This amount shall be computed in the same manner as was done prior to the enactment of present section 17-b of the Personal Property Law. Examples of such computation are found in Warren’s Heaton Surrogates’ Courts (vol. 3, § 316) and Dodge and Sullivan, Estate Administration and Accounting (pp. 417-431).
A memorandum has been submitted to the court indicating that the average rate of return from the date of decedent’s death to May 15,1962, the date of the payment of the $50,000 preferred bequest to the trustees, is 2.315%. Based on this rate, the income to be allocated to the income beneficiary of the ^referred bequest *21 in trust for that period is $1,157.50. The account filed by the executors shows an advance of $500 of said income to Beatrice Williams, leaving a balance due her in the amount of $657.50.